UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL NO. 2:19-CR-42 |
| VS. | JUDGE MARY ANN VIAL LEMMON |
| ALFRED HUMBLES | |

**MR. HUMBLES' POST-HEARING SUPPLEMENT TO HIS OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* FOR PRETRIAL DETERMINATION OF AUTHENTICATION AND ADMISSIBILITY OF EMAILS AND TEXT MESSAGES AND CERTIFIED DATA COPIED FROM AN ELECTRONIC STORAGE DEVICE, STORAGE MEDIUM, OR FILE**

Comes now Alfred Humbles who, through undersigned counsel, who respectfully files this post-hearing Supplement to his Opposition to the Government's Motion *in Limine* for Pretrial Determination of Authentication and Admissibility of Emails and Text Messages and Certified Data Copied from an Electronic Storage Device, Storage Medium, or File ("Motion *in Limine*"). R. Doc. 199. In support, counsel states:

I.  **RELEVANT PROCEDURAL AND LEGAL BACKGROUND**

Mr. Humbles is charged with one count of stalking under 18 U.S.C. 2261(A)(2)(B)(1). As the Indictment spells out, the Government alleges that Mr. Humbles and the Complainant here were in a relationship. R. Doc. 43 at 1-2. When the relationship ended, the Government alleges that Mr. Humbles sent "[h]arassing and [i]ntimidating communications" over different means, *id.* at 2, including text messages and emails. *Id.* at 2-5. The Indictment charges that these communications rose to the level of stalking under 18 U.S.C. 2261(A)(2).

The Government filed a Motion *in Limine* for Pretrial Determination of Authentication and Admissibility of Emails and Text Messages and Certified Data Copied from an Electronic Storage Device, Storage Medium, or File ("Motion *in Limine*"). R. Doc. 199. Mr. Humbles filed an

1

Opposition. R. Doc. 211 ("Opposition"). This Court had an evidentiary hearing on February 4, 2026. Through this pleading, Mr. Humbles supplements his prior Opposition.

## II.   ARGUMENT

At the hearing before this Court, the Government called the Complainant to testify about certain messages she received from Mr. Humbles' phone number and email address. Doing so resolved a great number of Mr. Humbles' objections based in the Government's requirement to prove the "effect" element of the offense at trial. *See* R. Doc. 211 at 4-7 (detailing objections in the event the Complainant did not testify at the hearing). Also, the Government stated it no longer seeks a pretrial ruling on the use of Fed. R. Ev. 902(11)-(14) certificates, which resolved all objections in the original Opposition to their use. *See* Opposition, Section II.D, at 7-14.

For the specific messages that the Complainant identified as being from Mr. Humbles' own email or phone number, counsel believes there is no longer a good faith objection to the low bar of Rule 902 admissibility and does not dispute they would be admissible under Fed. R. Ev. 801/803. This withdrawal of objection only pertains to the specific messages and/or emails from Mr. Humbles' phone number or personal email identified by the Complainant at the hearing.

The only objections that remain, given the above, would be to a pretrial ruling to the admissibility of the emails from the "Phillip Marlow" account that the Complainant testified she "believes" to be Mr. Humbles. As argued in court at the hearing, the Government has not shown that these statements should be admissible via pretrial ruling. The Complainant's subjective belief is not enough to warrant a *pretrial* ruling that the statements are not hearsay under Fed. R. Ev. 801 because they are a statement of a party, are an exception to hearsay under FRE 803, or are authentic under Fed. R. Ev. 901. Doing so would require this Court to make a determination that these emails were in fact statements of Mr. Humbles without a full trial cross-examination, where Mr.

Humbles' full theory of defense would be raised as to why that conclusion is inaccurate. As argued before, Mr. Humbles should not be required to disclose details of trial cross-examination in a pretrial proceeding. R. Doc. 21, Opposition at 2-3. A pretrial ruling that these statements from "Phillip Marlow" are admissible under Fed. R. Ev. 801 and 803, as well as Fed. R. Ev. 902—an email address that is only connected to Mr. Humbles through subjective deduction of the Complainant—is inappropriate.

                                              Respectfully submitted,

                                              *Christopher J. Murell*
                                              Christopher J. Murell (#32075)
                                              MURELL LAW FIRM
                                              2831 St. Claude Ave.
                                              New Orleans, LA 70117
                                              (504) 717-1297 (P)
                                              chris@murell.law

                                              ATTORNEY FOR MR. HUMBLES

## **CERTIFICATE**

      I hereby certify that a copy of the foregoing pleading was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

      New Orleans, Louisiana this 10th day of February, 2026.

                                              */s/ Christopher J. Murell*
                                              CHRISTOPHER J. MURELL