UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 19-42** |
| **ALFRED HUMBLES** | **SECTION: "S" (1)** |

### ORDER AND REASONS

Before the court is the government's **Motion *in Limine* for Pretrial Resolution of Authentication and Admissibility of Emails and Text Messages**. Rec. Doc. 199. The court held oral argument on the motion on February 4, 2026. Having considered the record, the applicable law, the memoranda and argument of counsel, and the testimony taken at the hearing, the motion is **GRANTED in part** and **DEFERRED in part**.

### BACKGROUND

Defendant Alfred Humbles was indicted on one count of cyberstalking in violation of 18 U.S.C. 2261A(2)(B). In the indictment, the government alleges that Humbles and the complainant were in a relationship and when it ended, Humbles sent harassing and intimidating communications over different means, including text messages and emails, which rose to the level of stalking under 18 U.S.C. 2261(A)(2). The indictment references numerous emails and texts allegedly sent to the complainant by Humbles from cell phones and tablets seized by FBI agents executing a federal search warrant at Humbles' home.[1]

---

[1] The emails and messages were extracted from Humbles' devices using a law enforcement tool called Cellebrite. The government asserts that the Cellebrite extractions referenced in the indictment are an exact copy of the texts and emails sent by Humbles to the

The government seeks a pre-trial ruling on the authenticity and admissibility of the messages. The government argues that the messages are authentic pursuant to Federal Rule of Evidence 901, which provides in part that evidence may be authenticated by testimony of a witness with knowledge, distinctive characteristics, and evidence about a telephone conversation.[2] The government also argues that the messages are admissible under Federal Rule of Evidence 803(3) (the motive, intent, or plan of the declarant) and 803(6) (the business records exception to the hearsay rule). In his original opposition, Humbles opposed the motion, while acknowledging that if the complainant testified, much of his opposition would be rendered moot. The complainant testified at the hearing regarding the emails and texts at issue. Humbles submitted a post-hearing brief clarifying his position following the complainant's testimony.

## DISCUSSION

In his post-hearing brief, Humbles acknowledges that his opposition to the authenticity and admissibility of a majority of the text messages and emails (those sent from the phone number associated with Alfred Humbles or Alfred Humbles' personal email address) have been resolved by the complainant's testimony at the hearing. However, Humbles maintains that communications initiated from an email address belonging to "Philip Marlowe" have not been adequately authenticated, and that ruling on their authenticity and admissibility should be pretermitted until trial. Humbles argues that the complainant's testimony that it is her subjective

---

complainant from his seized devices.

[2] Originally, the government argued the messages should be deemed authentic pursuant to Rule 902, but it withdrew that argument at the hearing.

belief that Philip Marlowe is actually Alfred Humbles due to certain references in the Philip Marlowe messages is not enough to bring them under the hearsay exceptions invoked by the government (Federal Rules of Evidence 801, 803) or to authenticate them under Federal Rule of Evidence 901. Humbles asserts that for the court to rule the Philip Marlowe messages authentic and admissible, it must first find that the emails were in fact statements of the defendant. To make that determination at this juncture would deprive Humbles of a full opportunity for cross-examination at trial. Humbles notes that extensive cross-examination at the pre-trial hearing was not possible without prematurely revealing his defense strategy.

The court finds defendant's arguments well-founded, and further, sees no compelling reason for a pre-trial ruling on this issue.

Accordingly, the motion is **GRANTED in part** and **DEFERRED in part**. The court will consider objections to the admissibility of the "Philip Marlowe" communications as they arise during the trial. The authenticity and admissibility of the balance of the communications has been established and they are admissible at trial.

New Orleans, Louisiana, this 10th day of February, 2026.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**