UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.  19-042 |
| v. | * | SECTION: "S" (1) |
| ALFRED HUMBLES | * | |
| | * * * | |

<u>NOTICE OF INTENT TO USE EVIDENCE</u>

**NOW INTO COURT,** comes the United States of America, through the undersigned Assistant United States Attorneys, who hereby files this notice of intent to use evidence in an abundance of caution because the United States believes the evidence detailed in this notice is intrinsic to the charged crime. Alternatively, as discussed below, this evidence is admissible under Federal Rule of Evidence 404(b).

I.    <u>BACKGROUND</u>

The Court is familiar with the procedural history as briefed in the Government's motion in *limine* at R. Doc. 199. Briefly, defendant was charged by complaint on January 29, 2019, R. Doc. 1, and indicted in a one-count indictment for cyberstalking in violation of 18, United States Code, Section 2261A(2)(B) on February 28, 2019. R. Doc. 43. From November 2018 through January 2019, the defendant sent harassing and intimidating messages to the victim. Some examples include defendant's messages stating: "I fucking hate you…sorry piece of shit…fuck you…cock sucking whore"; "the plant tomorrow, do me a favor, eat it, choke on it and die"; "I hope you die soon so you get more time to enjoy the flames that will engulf you"; "pick one Either your face

gets pistol whipped House burns Fag gets snipped"; and "you are fucked up...in when my pistol is in your mouth and my crew is working your fag over, I bet you will have different story."[1]

As a result, the victim was aware that the defendant possessed firearms. On January 31, 2019, the defendant was arrested during a traffic stop with two guns in his vehicle. Law enforcement searched the defendant's house and seized 15 loaded guns and over 20,000 rounds of ammunition throughout the defendant's house and easily accessible.

At trial, the Government will be required to prove that the defendant used electronic communications, with the intent to harass or intimidate another person, and through the use of the communication, engaged in a course of conduct that caused or would be reasonably expected to cause substantial emotional distress to the victim.[2] Evidence regarding the defendant's possession of loaded firearms and weapons during the time when he was threatening and harassing the victim is intrinsic to whether the defendant engaged in a course of conduct that "causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress."[3] Alternatively, this evidence should be permitted pursuant to Rule 404(b) because it is relevant and admissible proof of the defendant's motive, opportunity, intent, and preparation.

## II.    LAW AND ARGUMENT

### A. The proposed evidence is admissible as intrinsic evidence.

Evidence of bad acts is "intrinsic" to a charged crime when the evidence of the other act and evidence of the crime charged are "inextricably intertwined" or both acts are part of a "single criminal episode" or the other acts were "necessary preliminaries" to the crime charged. *See United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990) (*citing United States v. Stovall*, 825 F.2d 817,

---

[1] R. Doc. 43.
[2] Pattern Crim. Jury Instr. 5th Cir. 2.86B (2024), Pattern Crim. Jury Instr. 5th Cir. 2.86B (2024).
[3] 18 U.S.C. § 2261A(2)(B).

825 (5th Cir.1987)); *United States v. Torres*, 685 F.2d 921, 924 (5th Cir.1982). "This evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place." *United States v. Kloock*, 652 F.2d 492, 494–95 (5th Cir.1981); *United States v. Royal*, 972 F.2d 643, 647 (5th Cir.1992)). Intrinsic "other act" evidence does not implicate Rule 404(b) of the Federal Rules of Evidence and "consideration of its admissibility pursuant to Rule 404(b) is unnecessary." *United States v. Garcia*, 27 F.3d 1009, 1014 (5th Cir.1994). In *United States v. Brown*, 122 F.4th 290, 297 (8th Cir.2024), the Eight Circuit found affirmed that evidence of a defendant's prior violent acts were intrinsic to a cyberstalking charge because it provided context as to why the victim reasonably felt threatened.

Similar to *Brown*, the defendant in this case caused substantial emotional distress to the victim – particularly given the victim's knowledge that the defendant had several firearms, made his own firearms, and posted photographs online yielding his firearms. That the defendant possessed 15 loaded guns provides context as to why the victim reasonably felt threatened. Given that an element of the charged offense includes whether the defendant's course of conduct caused or would be reasonably expected to cause substantial emotional distress to the victim, the defendant's possession of 15 loaded firearms is intrinsic evidence.

**B. Alternatively, the proposed evidence is admissible under Rule 404(b).**

Rule 404(b) provides that:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

Rule 404(b) "is a rule of inclusion which admits evidence of other acts relevant to a trial issue except where such evidence tends to prove only criminal disposition." *United States v. Shaw*,

3

701 F.2d 367, 386 (5th Cir. 1983) (internal citations omitted); *see also United States v. Ackal*, 706 F.2d 523, 531 (5th Cir. 1983) (noting that the 404(b) analysis "takes an inclusionary and not an exclusionary approach"). This rule derives from the Fifth Circuit's observation in *United States v. Beechum*, 582 F.2d 898, 909 (5th Cir. 1978) (en banc)*, cert. denied*, 440 U.S. 920 (1979), that "i[t] is derogative of the search for truth to allow the defendant to tell his story of innocence without facing him with evidence impeaching that story." Under Rule 404(b), evidence of other crimes, wrongs, or acts may be admissible as proof of intent, knowledge, motive, opportunity, preparation, plan, identity, or absence of mistake or accident.

In *United States v. Beechum*, the Fifth Circuit set forth a two-part inquiry to determine if evidence is admissible under Rule 404(b). 582 F.2d at 911; *United States v. Gonzalez*, 76 F.3d, 1339, 1347 (5th Cir. 1996). First, "evidence of prior extrinsic acts must be relevant to an issue other than the defendant's character." *United States v. West*, 22 F.3d 586, 594 (5th Cir. 1994) (internal citations omitted). In assessing relevance, courts in this Circuit often consider the "overall similarity of the extrinsic and charged offenses" and "how much time separates the extrinsic and charged offenses [because] temporal remoteness depreciates the probity of the extrinsic offense." *Beechum*, 582 F.2d at 914. Second, "the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the requirements of Rule 403." *West*, 22 F.3d at 594.

The question is not whether the evidence would be prejudicial, because any probative evidence would have a prejudicial effect by making conviction more likely. *United States v. Sanders*, 343 F.3d 511, 518 (5th Cir. 2003); *Huddleston v. United States*, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such

evidence."). Instead, the Fifth Circuit evaluates the likelihood of "undue" prejudice by assessing whether the extrinsic offense is "of a heinous nature," and whether such evidence would "incite the jury to irrational decision by its force on human emotion." *Id.* at 917. The Fifth Circuit also considers whether the prior conduct more serious than the conduct charged in the instant case. *See United States v. Adair*, 436 F.3d 520, 527 (5th Cir. 2011) (evidence of prior scheme was not prejudicial in part because it did not involve "a more serious offense than the offense with which [the defendant] was charged in the instant case"). The Fifth Circuit has specifically found no unfair prejudice from admission of evidence of prior methamphetamine manufacturing activities to show intent in conspiracy to manufacture methamphetamine case. *United States v. Harris*, 932 F.2d 1529, 1534 (5th Cir.1991). Fifth Circuit authority indicates that a defendant's remedy in the face of relevant extrinsic evidence is not exclusion of the evidence, but rather a limiting instruction. *See e.g., United States v. Buchanan*, 70 F.3d 818, 831 (5th Cir.), *cert. denied*, 517 U.S. 1114 and 577 U.S. 1126 (1996) ("the district court in this case substantially reduced the possibility of prejudice to [the defendant] by carefully instructing the jury on how they could consider the evidence"); *United States v. Gadison*, 8 F.3d 186, 191 (5th Cir. 1993) (finding "the district court minimized any potential undue prejudice by instructing the jury they were not to consider the conviction in deciding whether [the defendant] committed the charged offense, but only for the purposes of establishing intent and assessing credibility"); *United States v. White*, 972 F.2d 590, 599 (5th Cir. 1992) ("danger of unfair prejudice to the defendant is minimal so long as it is clear to the jury that the extrinsic evidence is being introduced for the sole purpose of showing intent"), *cert. denied*, 507 U.S. 1007 (1993).

In *United States v. Uhlenbrock*, 125 F.4th 217, 225 (5th Cir.2024), the Fifth Circuit affirmed allowing an ex-girlfriend to testify that she begged the defendant for years, sued him, and

reported him to FBI to stop sharing her naked photos in a stalking trial charging 18 U.S.C. § 2261A(2)(B). The court explained that the probative value of the testimony was not substantially outweighed by its undue prejudice because the testimony was necessary to show the defendant intended to harass or intimidate the victim. *Id.*

      1.   **<u>The defendant's firearm possession is admissible under Rule 404(b) to establish motive, opportunity, intent, and preparation.</u>**

Although the government believes the defendant's firearm possession is intrinsic evidence, the evidence is alternatively admissible under Rule 404(b). Applying the *Beechum* test to the instant case, the government's proposed evidence satisfies both criteria. Here, the defendant's possession of 15 firearms in his house and two firearms in his car when he was arrested for cyberstalking shows the defendant had motive, opportunity, intent, and preparation to commit cyberstalking against the victim. He intended to harass and threaten her. He posted images to social media where he was yielding firearms at the same time he was making threats against her. The defendant knew the victim would be aware that he had guns and made his own guns. This evidence is highly probative of the defendant's intent and motive for committing the offense charged. Moreover, the defendant has pleaded not guilty, putting his state of mind at issue and requiring the government to prove his knowledge and intent beyond a reasonable doubt. Like the defendant in *United States v. Uhlenbrock*, 125 F.4th 217, 225 (5th Cir.2024), evidence about Humble's firearms will be necessary to show that Humbles intended to harass and intimidate the victim.

The strong probative value of the government's proposed evidence is "not substantially outweighed by its undue prejudice," and it otherwise meets the requirements of Rule 403. *See West*, 22 F.3d at 594. The defendant's possession of guns cannot be described as "heinous," nor would it encourage the jury to base their decision on emotion instead of the facts. Additionally, other defendants sometimes argue that the charged threats are not "true threats," and there was no

ability to carry them out. This evidence possesses enormous probative value as it demonstrates the defendant's willingness to participate in threatening and harassing cyberstalking – the precise state of mind the government must prove at trial. Given the close relationship of the defendant's firearm possession and the offense charged, it cannot be said the probative value of his firearm possession exceeds the potential for undue prejudice.

**CONCLUSION**

For the foregoing reasons, this Honorable Court should admit the evidence set forth herein as intrinsic evidence, or alternatively, under Federal Rule of Evidence 404(b).

Respectfully submitted,

DAVID I. COURCELLE
UNITED STATES ATTORNEY

/s/ Rachal Cassagne
RACHAL CASSAGNE
(La. Bar Roll 37082)
Jon Maestri
Assistant United States Attorneys
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone: (504) 680-3000
Rachal.cassagne@usdoj.gov

7

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 30, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all of the defense counsel of record.

/s/ Rachal Cassagne
RACHAL CASSAGNE
Assistant United States Attorney

8