UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA     *     CRIMINAL NO. 19-042

v.     *     SECTION: "S"

ALFRED HUMBLES     *

    *     *     *

## FACTUAL BASIS

The defendant, **ALFRED HUMBLES ("HUMBLES")**, has agreed to plead guilty as charged to the indictment. **HUMBLES** is charged with violating Title 18, United States Code, Section 2261A(2)(B), which prohibits using any electronic communication service of interstate commerce, with the intent to harass or intimidate another person, by using that service to engage in a course of conduct that caused or attempted to cause substantial emotional distress to a former intimate partner.

Should this matter have gone to trial, the government would have proven, through the introduction of competent testimony and other admissible evidence, the following facts, beyond a reasonable doubt, to support the allegations in the indictment:

The following recounts the evidence that would be adduced at trial which would prove that from on or about November 29, 2018, and continuing through on or about January 28, 2019, **HUMBLES** knowingly and intentionally transmitted texts and emails in interstate commerce, via electronic communication services (cellular devices) from the Eastern District of Louisiana to Texas.

AUSA
Defendant
Defense Counsel

Evidence would prove that **HUMBLES** and T.S., a resident of Texas, had established a romantic and intimate relationship wherein T.S. moved to the Eastern District of Louisiana in order to live with **HUMBLES**. Evidence would show that this type of relationship fits the definition of "intimate partner." T.S. ultimately moved out of their residence and moved back to Texas. On November 29, 2018, she filed a police report with the Harris County Sheriff's Office in Houston, Texas relative to her reporting that she received harassing and/or intimidating communications sent from **HUMBLES** in the Eastern District of Louisiana. The communications from **HUMBLES** included emails, voicemails, text messages, and Facebook messages. These communications continued through January 28, 2019, and establishes a pattern of conduct composed of two or more acts, evidencing a continuity of purpose.

Testimony and records would prove that **HUMBLES** sent at least 26 harassing and/or intimidating communications during this time frame that are listed in paragraphs 10 – 35 of the Indictment. Some of the communications sent from **HUMBLES** to T.S. are the following listed in the Indictment:

Paragraph 17: Via text message on December 18, 2018: "I hope you die soon so you get more time to enjoy the flames that will engulf you."

Paragraph 24: Via email on January 15, 2019: ""I'm tired of playing……pick one Either your face gets pistol whipped House burns F*g gets snipped."

Paragraph 26: Via email on January 20, 2019: "I suggest you answer one question before I personally rain hell all over your network … I don't want to know why, just who … Who turned the statue … BTW I'm not calling anyone else to do my dirty work."

Paragraph 27: Via email on January 21, 2019: "House of the rising sun … First ladies … Haavenwood Dr … Tattersall Dr Westwoo dr Lake Salvador 2105 I'm bringing the pain to you personally."

2

AUSA _____
Defendant _____
Defense Counsel _____



Paragraph 30: Via email on January 25, 2019: "That isn't signed ---...you are f****d up...in [sic] when my pistol is in your mouth and my crew is working your f*g over, I bet you will have a different story."

Paragraph 32: Via email on January 25, 2019: I'm glad you hate me...gonna make my job easier and pleasurable...I'm gonna be laughing this time...its coming dont worry....when you least expect it."

**HUMBLES** acknowledges that the government would prove through testimony and evidence at trial, that the communications were knowingly and intentionally transmitted in interstate commerce, for the purpose of issuing a "true threat" (not constitutionally protected speech), with knowledge that the communications would be viewed as harassing and intimidating and likely to cause substantial emotional distress. The victim, T.S., would testify that she was in fact harassed and intimidated and that these communications did in fact instill in her substantial emotional distress.

<u>Limited Nature of Factual Basis</u>

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for **HUMBLES'** plea of guilty to the charged offense.

| | | | |
|---|---|---|---|
| _____ 4/8/26 | _____ 4/5/26 |
| ALFRED HUMBLES          Date | JON MAESTRI             Date |
| Defendant | Assistant United States Attorney |
| | |
| _____ 4/8/26 | _____ 4/8/26 |
| CHRISTOPHER MURELL       Date | RACHAL CASSAGNE         Date |
| Attorney for ALFRED HUMBLES | Assistant United States Attorney |